UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRONE STRAUGHTER,

                  Plaintiff,

   -v-

COMMISSIONER OF SOCIAL SECURITY,[1]

                  Defendant.
_____

17-CV-796-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 16).

Plaintiff Tyrone Straughter brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying him Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Straughter's motion (Dkt. No. 15) is granted, the Commissioner's motion (Dkt. No. 18) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## **BACKGROUND**

On February 19, 2014, Straughter filed applications for DIB and SSI alleging disability since January 1, 2012 due to severe lower back pain and arthritis in his hands.

---

[1]     The Clerk of Court is directed to amend the caption accordingly.

(*See* Tr. 105-06, 169-82, 199).[2]  Born in 1953, Straughter was sixty-years old at the time of his applications.  (Tr. 170).  He has a tenth-grade education with vocational training in welding.  (Tr. 200).  He previously worked as a dishwasher, ingredient mixer, trash collector, salvage laborer, and delivery driver (Tr. 100-101), but he contends that he can no longer work because of his impairments.  Straughter's applications were denied on May 28, 2014 (Tr. 105-28), after which he requested a hearing before an Administrative Law Judge (Tr. 131-32).  On May 12, 2016, Administrative Law Judge George M. Bock (the "ALJ") held a video hearing from Kansas City, Missouri, at which Straughter appeared with counsel and testified from Buffalo, New York.  (Tr. 84-104).  On June 2, 2016, the ALJ issued his decision denying Straughter's DIB and SSI claims.  (Tr. 40-55).  Straughter requested review by the Appeals Council (Tr. 164-68), but on July 25, 2017, the Appeals Council denied Straughter's request, making the ALJ's decision the final decision of the Commissioner (Tr. 2-8).  This action followed.

## **DISCUSSION**

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v.*

---

[2]  References to "Tr." are to the administrative record in this case.

*Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The

Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he

or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.*

§§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating disability claims. Under step one, the ALJ found that Straughter has not engaged in substantial gainful activity since January 1, 2012, his alleged onset date. (Tr. 45). At step two, the ALJ concluded that Straughter has the following severe impairments: very mild degenerative disc disease of the lumbar spine, osteoarthritis of the bilateral hands and wrists, mild carpal tunnel syndrome, and partial thickness tear of the left shoulder rotator cuff. (*Id.*). At step three, the ALJ found that Straughter does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 46). Before proceeding to step four, the ALJ assessed Straughter's RFC as follows:

> [T]he claimant has the residual functional capacity to perform medium work as defined in [20 C.F.R. §§404.1567(c) and 416.967(c)][3] involving lifting, carrying, pushing and pulling up to 50 pounds occasionally and 25 pounds frequently. The claimant could sit up to six hours in an eight-hour workday, and he could stand or walk up to six hours in an eight-hour workday. The claimant could perform no forceful grasping or twisting, but ordinary manipulation is not limited. He could not perform work overhead. The claimant could not climb ladders, ropes or scaffolds, and he could not crawl.

(*Id.*). Proceeding to step four, the ALJ found that Straughter is capable of performing his past relevant work as a dishwasher. (Tr. 49). In the alternative, the ALJ proceeded to step five where he considered Straughter's age, education, work experience, RFC, and the testimony of a vocational expert to conclude that Straughter can perform jobs that exist in significant numbers in the national economy, such as dining room attendant, change house attendant, and counter supply worker. (Tr. 50-51).[4] Accordingly, the ALJ found that Straughter has not been under a disability within the meaning of the Act from his alleged onset date of January 1, 2012 through the date of the ALJ's decision. (Tr. 51-52).

   IV.   *Straughter's Challenge*

Straughter argues that the ALJ's RFC assessment is not supported by substantial evidence because the opinion of consultative examiner Dr. Samuel Balderman (Tr. 268-73), to which the ALJ assigned "some weight," is too vague. (Dkt. No. 15-1 (Straughter's Memo. of Law) at 11-13). The Court agrees.

---

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§404.1567(c), 416.967(c).

[4] The ALJ's decision mistakenly identifies the counter supply worker position as "counter supplier." (*Compare* Tr. 51, *with* Tr. 102).

In determining Straughter's RFC, the ALJ gave "some weight" to Dr. Balderman's opinion that Straughter has "mild physical limitations." (Tr. 49). The ALJ acknowledged that Dr. Balderman's opinion does not provide "specific functional limitations imposed by the symptoms of his impairments." (*Id.*). Dr. Balderman's opinion appears to be the only medical opinion in the record as to Straughter's physical limitations.

Dr. Balderman's opinion that Straughter's physical limitations are "mild" is too vague for the ALJ to have relied upon without any additional information or explanation. Dr. Balderman's opinion does not, for example, address specific limitations in sitting, standing, walking, lifting, carrying, reaching, and so forth. Consequently, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence. *See Moe v. Colvin*, No. 1:15-cv-347(MAT), 2017 WL 6379239, at *5-7 (W.D.N.Y. Dec. 14, 2017) (finding Dr. Balderman's opinion too vague and remanding; collecting cases); *Gagovits v. Colvin*, No. 15-CV-3246(JS), 2016 WL 4491537, at *11 (E.D.N.Y. Aug. 25, 2016) ("In according Dr. Greenberg's opinion 'some weight,' the ALJ acknowledged that this non-examining opinion was vague but held that it was consistent with the record. However, the Court finds that Dr. Greenberg's opinion — which uses the term 'moderate' without additional information or development — is so vague as to render it useless in evaluating the claimant's residual functional capacity.") (internal alterations, citations, and some quotation marks omitted). The ALJ should have recontacted Dr. Balderman to clarify his opinion or otherwise sought additional medical opinion evidence regarding Straughter's functional limitations. *See Tolhurst v. Comm'r of Soc. Sec.*, No. 5:15-CV-428(GTS), 2016 WL 2347910, at *5-6 (N.D.N.Y. May 4, 2016) (remanding for ALJ to recontact consulting examiner where examiner's opinion was too vague to rely upon in formulating RFC).

Accordingly, for these reasons, this case is remanded for the ALJ to re-evaluate Straughter's RFC. The ALJ should also consider on remand Straughter's argument that the ALJ's step four and five conclusions are not supported by substantial evidence (*see* Dkt. No. 15-1 (Straughter's Memo. of Law) at 13-16) as well as the new medical evidence Straughter first presented to the Appeals Council (*see id.* at 16-17).

## **CONCLUSION**

For the foregoing reasons, Straughter's motion for judgment on the pleadings (Dkt. No. 15) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 18) is denied, and this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   March 18, 2019
         Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge